**SLOBODŽIAN v WOROTINSKY, etc, et**

Ohio Appeals, 9th Dist, Lorain Co

No 628. Decided Oct 13, 1933

D. A. Cook, Lorain, and Milton Friedman, Lorain, for plaintiff.

Frank Coleman, Lorain, for defendant Anna Worotinsky.

D. A. Cook, Lorain, for defendants D. A. Cook, The City Bank Company, and John and Helen Gallovics.

## OPINION

By STEVENS, J.

But one question is here presented: Where a suit to marshal liens on real estate has been instituted, does the claim of a wife, who, with her minor child, occupies a part of said real estate as a homestead, for an allowance in lieu of homestead, have priority over an award of a sum of money decreed to her former husband in a divorce case, which award is by order of the court expressly made a lien upon the real estate decreed to said wife?

It has long been held in Ohio that a decree for alimony in money, payable in gross to the wife, operates per se as a lien upon the lands of the husband in the county where the decree is rendered.

Conrad v Everich et, 50 Oh St 476.

Coffman, Admr et v Finney, Admr et, 65 Oh St 61, at p. 67.

Under the law of Ohio, when a divorce is granted to the wife for the aggression of the husband, §11992 GC, provides that the court may adjudge to the husband such share of the wife's real or personal property, or both, or may decree to him such sum of money out of her estate, payable in gross or by installments, as it deems just.

In a divorce case, all of the property, both real and personal, of both parties to the action being before the court for such disposition as it deems just, the court may adjudge to the husband such share of the wife's property as it deems just. In the instant case, the court decreed all of the husband's property to the wife—subject, however, to the payment of $1,000 in money, which sum was expressly made a lien upon all of said premises.

All of the rights of said parties in said property, including the right to a homestead, and the allowance in lieu of homestead, having been before the court, and the court having made such disposition as it deemed just, and the propriety of that judgment not having been challenged by

error proceedings, we can discern no logical reason why, by making a claim for an allowance in lieu of homestead, the wife should be able to defeat the judgment of said court.

There are, so far as we are able to discover, no authorities bearing upon this precise question in Ohio, and in the absence thereof, after carefully considering said question, this court is unanimously of the opinion that the claim of the appellant cannot prevail.

We accordingly hold that the lien of plaintiff's judgment for $1,000 is paramount to the claim of Anna Worotinsky for an allowance in lieu of homestead, and is entitled to priority over the claim of said appellant.

It being admitted that John and Helen Gallovics have abandoned the property purchased by them upon land contract, foreclosure of their interests is hereby ordered.

A decree determining priorities in accordance with this opinion may be drawn, directing the sheriff, upon sale as hereinbefore ordered, to distribute the proceeds over and above the claim due the City Bank Company in accordance herewith, and remanding the cause to the Common Pleas Court to carry out the orders of this court.

WASHBURN, PJ, and FUNK, J, concur in judgment.