VICKROY, APPELLANT, *v.*
VICKROY ET AL., APPELLEES.

(No. 1-CA-88—Decided
August 1, 1988.)

*Dagger, Johnston, Miller, Ogilvie & Hampson* and *Ray R. Michalski,* for appellant.

*William Vickroy, Mary K. Gilligan, Judith L. Edwards* and *John M. Kelley,* for appellees.

MILLIGAN, J. Plaintiff-appellant Roxie Vickroy and appellee William R. Vickroy were divorced in the Fairfield County Common Pleas Court. The court approved a separation agreement by the terms of which appellant executed a deed to her one-half interest in the marital residence (which was duly recorded) in return for a note and mortgage on the premises. The documents were executed and delivered to appellant's attorney, but the mortgage was not recorded with the recorder of Fairfield County, the county in which the realty is located.

Appellee B & J Properties, Inc. is a purchaser for value from the former husband of the entire fee interest in the property. Appellant received none of the proceeds of the sale to B & J Properties and now claims, by an action for foreclosure, that she is entitled to a lien on an undivided one-half interest in the property.

From a summary judgment dismissing the appellant's foreclosure action, she appeals, assigning a single error:

Assignment of Error

"The lower court erred in granting a summary judgment against the appellant by ruling that her alimony in gross award was not per se a lien on her ex-husband's real estate, notice or knowledge of which would estop a third party from claiming status as a bona fide purchaser for value of the ex-husband's real estate."

Appellant supports her claim that subsequent purchasers are charged with notice of the mortgage by the divorce judgment on two grounds.

First, she claims that the order is alimony in gross and becomes a lien on lands of the obligor as a result of the judgment, citing *Conrad* v. *Everich* (1893), 50 Ohio St. 476, 39 N.E. 58; *Coffman* v. *Finney* (1901), 65 Ohio St. 61, 61 N.E. 155; and *Slobodzian* v. *Worotinsky* (1933), 15 Ohio Law Abs. 201.

None of the cases cited is authority for the proposition espoused by appellant in 1988.

R.C. 2329.02 provides in pertinent part:

"No such judgment or decree shall be a lien upon any lands, whether or

not situated within the county in which such judgment is rendered, registered under sections 5309.02 to 5309.98, inclusive, and 5310.01 to 5310.21, inclusive, of the Revised Code, until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record, stating the date and purport of the judgment, giving the number of the case, the full names of the parties, plaintiff and defendant, and the volume and page of the journal or record in which it is entered, or a certified copy of such judgment, stating such facts, is filed and noted in the office of the county recorder of the county in which the land is situated, and a memorial of the same is entered upon the register of the last certificate of title to the land to be affected. * * *"

Second, appellant claims that the language of the divorce decree itself places any examiner and purchaser on notice of "appellant's outstanding rights." However, R.C. 5301.23 provides that:

"All mortgages properly executed shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated, and take effect from the time they are delivered to such recorder for record. * * *"

See, also, R.C. 5301.25(A), making unrecorded instruments "fraudulent" as to subsequent bona fide purchasers without notice.

It is clear to us that appellant did none of those things required by the Ohio Legislature to establish a lien on the real estate enforceable against a bona fide purchaser.

The single assignment of error is overruled and the judgment of the Fairfield County Common Pleas Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and HOFFMAN, J. concur.